Estate of Oliver H. P. Johnson, Deceased, National Metropolitan Bank of Washington and Katherine H. Johnson, Executors v. Commissioner.
Estate of Johnson v. Commissioner
Docket No. 111795.
United States Tax Court
1943 Tax Ct. Memo LEXIS 273; 2 T.C.M. (CCH) 208; T.C.M. (RIA) 43264; June 2, 1943
*273 Caesar L. Aiallo, Esq., 901 Hibbs Bldg., Washington, D.C., for the petitioner. Elmer L. Corbin, Esq., for the respondent. STERNHAGEN Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in estate tax in the amount of $21,869.05. He (1) disallowed a deduction of a debt of $20,000, and (2) increased the value of decedent's interest in real estate from $133,958.50 to $225,000. Findings of Fact Oliver H. P. Johnson died testate May 25, 1939, a resident of the District of Columbia. The National Metropolitan Bank of Washington and Katherine H. Johnson, decedent's widow, are the executors of the estate. The federal estate tax return was filed in the District of Maryland. 1. On May 9, 1935, the decedent's wife received securities valued at $59,189.46 and $27,686 in cash as a legacy from the estate of her uncle. The husband and wife kept a joint bank account. The husband never used moneys belonging to his wife without her consent. Shortly after receiving the legacy from her uncle the wife loaned her husband $20,000 and took his promissory note dated May 22, 1935, payable to her on demand without interest. At the time of decedent's death, the loan had not been *274 repaid and the note was in the wife's safe deposit box. The note was paid on June 28, 1940, by the executors of the decedent's estate. The account of the executors showing receipt and disposition of the personal property of decedent, including payment of the note, was approved October 1, 1940, by the District Court of the United States for the District of Columbia in probate. 2. At the time of his death the decedent was the owner of an undivided one-half interest in Lots 18 and 87, in Square 724, and improvements thereon, in the City of Washington, District of Columbia, known as 119 D Street, N.E. The lots had a frontage of 230 feet on D Street and a depth of 167.69 feet to a thirty-foot public alley in the rear and contained approximately 38,610 square feet. On the lot was a seven-story office building erected and completed in 1910, and a one-story adjoining building erected later, being 23 1/2 feet by 51 feet, constructed of tile and stucco with a slate roof and cement floor used for storage purposes. The main building is constructed of steel and concrete, of the "heavy-duty type". The front of the building and fifteen feet of the sides are faced with Indiana limestone and the *275 remaining walls are of brick veneer. The roof is of slag. The building has no basement except at the rear, where the boiler and other equipment are located. The main building contains about 1,040,000 cubic feet and covers approximately one-third of the land area. The remaining land area is used for automobile parking. Since 1929, the entire property has been leased to the United States Government, on a year to year basis. At the date of death and for several years prior thereto, the building was occupied by the Office of the Comptroller General of the United States, the front part used for office space and the rear part for storage purposes. From 1929 to 1932, the Government paid an annual rental of $45,000. Thereafter, the rental was $40,187.52 per annum payable in monthly installments of $3,348.96. The fair market value of the decedent's undivided half interest in the property involved on May 25, 1940, was $150,500. The executors elected to have the estate valued as of one year after the date of the death of decedent. Opinion STERNHAGEN, Judge: 1. At the trial, the Commissioner's counsel in his opening statement said that the defense of the disallowance of the deduction of $20,000 *276 as a claim against the estate was based only on a lack of bona fides of the claim. The evidence gives no ground for a finding that the claim was not bona fide. The wife, after receiving a legacy from the estate of her uncle, loaned $20,000 to her husband on his note payable on demand, and she put the note in her safety deposit box, where it remained until after his death. The note was then paid by the executors of the husband's estate, and in the probate accounting the payment was approved by the probate court. In his brief, the respondent adverts to the fact that the decedent and his wife had a joint bank account. From this, he suggests the inference that the loan was not in reality a loan by the wife to the decedent, but that the note may have been given by the decedent after withdrawing his own money from the joint bank account. The evidence, however, establishes that the wife loaned $20,000 to the decedent from her own funds and took his demand note. The possibility that the loan may have come through a joint account is not enough to permit the holding that the decedent's liability on the note was not a bona fide claim against the estate based upon an adequate and full consideration *277 in money. The disallowance is reversed. 2. In the estate tax return, the petitioner included in the gross estate $133,958.50 as the value of the decedent's half interest in the D Street property described in the findings. This was based upon a total value of the land and building of $267,917, being $210,000 for the building and $57,917 for the land. This was the assessed value which the Comptroller General of the United States adopted as the basis for the rent of the property. The Commissioner of Internal Revenue raised the total figure of value to $450,000, and included $225,000 in the gross estate as the value of the decedent's interest. In the briefs filed after the trial, neither party sticks to the value thus used, the petitioner being content to have his figure raised and the respondent to have his reduced. The petitioner's principal contention is that the Commissioner of Internal Revenue, being an officer of the United States, is estopped, in determining an estate tax, to use a greater value to the disadvantage of the taxpayer than that theretofore determined by the Comptroller General in contracting for a rental by the United States for the same property. This view must *278 be rejected. The Commissioner is not estopped under such circumstances. The value for the purpose of the present case must be determined from the evidence (see Second National Bank of Philadelphia, 33 B.T.A. 750, of which the circumstances of the rental are part with the other evidence as to value. Several witnesses with different experience and qualifications have testified as to their varying opinions of value and of the factors of value, such as probable depreciation, cost of reproduction, comparison with other property sold in the near neighborhood and elsewhere, capitalization of income. All this evidence came in without objection as to admissibility and has been considered. We have arrived at a valuation for the entire property of $301,000, of which, as stated in the findings, the value of decedent's half interest is $150,500. This is the amount properly included in the gross estate on which the deficiency should be recomputed. Decision will be entered under Rule 50.